## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SKYPLAN SERVICES LIMITED,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:09-cv-1465-Orl-28GJK**

**DIAOUNE AND BROTHERS, INC.,**

        **Defendant.**
_____

### REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR FINAL JUDGMENT (Doc. No. 10)** |
| **FILED:** | **January 6, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

On August 26, 2009, Plaintiff filed a complaint (the "Complaint") against Diaoune and Brothers, Inc. (the "Defendant") to reduce an executed contract (the "Contract") with Defendant to judgment. Doc. No. 1. The Contract was for an open business account "in order to facilitate payment of charges for services rendered around the world on international flights chartered by Defendant." *Id.* Plaintiff alleges that Defendant breached the Contract, and as of March 27, 2009, Defendant owed Plaintiff $86,242.68. *Id.* The Contract states that if payments are not

received twenty-five (25) days after the billing date, Plaintiff will charge a late fee of two percent (2%) of the total bill due at that time. *Id.* at 3. Plaintiff attaches the Contract to the Complaint. Doc. No. 1 at 8-11.

On December 3, 2009, the Complaint was served on Defendant. Doc. No. 7. Defendant failed to respond to the Complaint, and on December 31, 2009, default was entered against Defendant. Doc. No. 9. On January 6, 2010, Plaintiff filed the present Motion for Final Judgment (the "Motion") pursuant to Rule 55(b), Federal Rules of Civil Procedure. Doc. No. 10. Plaintiff requests that judgment in the amount of $92,232.53, including attorney's fees and costs, be entered against the Defendant. *Id.*[1] Attached to the Motion is an affidavit as to the reasonableness of attorney's fees and costs. *Id.* at 3-4. Plaintiff seeks attorney's fees in the amount of $3,850.00 and costs of $415.00 ($350.00 for the filing fee and $65.00 for service of process). *Id.* Plaintiff does not provide any contractual or statutory basis for the award of attorney's fees.

## II. ANALYSIS

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). Rule 55(b)(2) further provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative

---
[1] $92,232.53 is the sum of $86,242.68 in principal, $1,724.85 as 2% late fee, $3,850.00 in attorney's fees and $415.00 in costs.

> must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory rights to jury trial – when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

*Id*. The mere entry of default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). A default judgment has the effect of establishing as fact the plaintiff's well pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

After reviewing the Complaint and the Contract, the Court finds that the Defendant's breach of the Contract should be reduced to judgment. However, "attorney's fees are awarded only where authorized by contract or statute." *Messer v. E. F. Hutton & Co.*, 833 F.2d 909, 923 (11th Cir. 1987). Although Plaintiff alleged in its Complaint that it retained counsel and agreed to pay its counsel a reasonable fee, Plaintiff did not seek recovery of its attorney's fees in its prayers for relief. Doc. No. 1 at 4, ¶12; at 5-6. Moreover, Plaintiff has not provided a contractual or statutory basis for an award of attorney's fees. Plaintiff is entitled to an award of costs. 28 U.S.C. § 1920. Accordingly, it is **RECOMMENDED** that:

1. The Motion for Final Judgment (Doc. No. 10) be **GRANTED in part** and

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

**DENIED in part**;

2. Final Judgment be entered in the amount of $88,382.53 as follows:

   a. $86,242.68 in principal;

   b. $1,724.85 as 2% penalty;

   c. $415.00 in costs; and

3. Plaintiff be awarded post-judgment interest at the rate allowed by law.

It is further **ORDERED** that the Clerk of the Court shall serve a copy, by certified mail, of this Report and Recommendation on: Diaoune and Brothers, Inc., 1954 Airport Rd., Atlanta, Georgia 30340.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE and ORDERED** at Orlando, Florida on March 15, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of Record