**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SKYPLAN SERVICES LIMITED,**

        **Plaintiff,**

-vs-                                **Case No. 6:09-cv-1465-Orl-28GJK**

**DIAOUNE AND BROTHERS, INC.,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

On August 26, 2009, Plaintiff, Skyplan Services Limited, filed a Complaint against Defendant, Diaoune and Brothers, Inc., to reduce an executed contract (the "Contract") with Defendant to judgment. Doc. No. 1. The Contract was for an open business account "in order to facilitate payment of charges for services rendered around the world on international flights chartered by Defendant." Doc. No. 1. Plaintiff alleges that Defendant breached the Contract, and, as of March 27, 2009, Defendant owes Plaintiff $86,242.68. Doc. No. 1. The Contract states that if payments are not received twenty-five (25) days after the billing date, Plaintiff will charge a late fee of two percent (2%) of the total bill due at that time. *Id.* at 3. The Contract is attached to the Complaint. Doc. No. 1 at 8-11.

On December 3, 2009, the Complaint was served on Defendant. Doc. No. 7. Defendant did not respond to the Complaint, and on December 31, 2009, a clerk's default was entered. Doc. No. 9. On April 12, 2010, judgment was entered in Plaintiff's favor for $88,382.52. Doc.

No. 13. On October 5, 2010, Plaintiff moved to compel Defendant to respond to interrogatories, a request for production and a fact information sheet that were served in aid of execution of the judgment. Doc. No. 15. On October 26, 2010, this Court, by endorsed order, granted the motion to compel. Doc. No. 17.

On August 16, 2011, Plaintiff filed a motion for contempt. Doc. No. 19. On October 3, 2011, the Court denied the motion for contempt because Defendant had not been served with the Court's endorsed order granting Plaintiff's motion to compel. Doc. No. 21. The Court ordered Defendant to respond to Plaintiff's interrogatories, request for production and fact information sheet within twenty-one (21) days from the date of the Court's order. Doc. No. 21 at 3, ¶ 2. The Court also directed the Clerk to serve the order on Defendant by certified mail. Doc. No. 21 at 3, ¶ 3.

On March 16, 2012, Plaintiff once again filed a motion for contempt, asserting that Defendant received the Court's order on October 12, 2011, but has "failed to meet its obligations under the Court's Order." Doc. No. 24 at 2, ¶ 7. Plaintiff requested the Court "compel production appropriately, to compensate the Plaintiff for its attorneys' fees and cost incurred as a result of this Motion, and for such other and further relief as this Court deems just and proper." Doc. No. 24 at 2. On April 16, 2012, the Court granted the motion for contempt and ordered Plaintiff's counsel to submit a time log along with supporting affidavit(s) so the Court could quantify the attorney's fees to award. Doc. No. 25 at 3.

On April 20, 2012, Plaintiff's counsel submitted an affidavit requesting $905.00, representing attorney time of 2.5 hours at an hourly rate of $225.00 and paralegal time of 2.8 hours at an hourly rate of $100.00. Doc. No. 27 at 1-2. Plaintiff's counsel avers that these hours

were expended from October 4, 2010 through March 21, 2012, and "are directly related to obtaining the documentation subject to the Motions to Compel and Compliance with this Honorable Court's Order." Doc. No. 27 at 1, ¶ 3.

Plaintiff's counsel attaches a time log to his affidavit. Doc. No. 27 at 4-8. The time log confirms that 2.8 hours of paralegal time was spent, but reflects that only 2.2 hours of attorney time was expended, 0.7 hours of which was billed at an hourly rate of $295.00. Doc. No. 27 at 4-8.[1] The sum of these hourly rates multiplied by the hours expended equals $824.00, not $905.00.[2] The time log also reflects that Plaintiff's counsel is seeking fees for time related to drafting and filing the October 5, 2010, motion to compel (Doc. No. 15), the August 16, 2011, motion for contempt (Doc. No. 19) and the March 16, 2012, motion for contempt (Doc. No. 24), as well as actions taken after receiving the Court's orders regarding same. Doc. No. 27 at 4-8.

In its March 16, 2012, motion for contempt, Plaintiff requested the Court "compensate the Plaintiff for its attorneys' fees and costs incurred as a result of this Motion . . . ." Doc. No. 24 at 2. The April 16, 2012, order granted this request. Doc. No. 25. Thus, Plaintiff was only awarded attorney's fees and costs it incurred as a result of filing the March 16, 2012, motion for contempt, not for its prior motion to compel and motion for contempt.[3] The time log indicates that Plaintiff's counsel spent 0.4 hours, at an hourly rate of $225.00, editing the March 16, 2012, motion for contempt; two paralegals spent 0.6 hours, at an hourly rate of $100.00, drafting, revising and filing the motion for contempt. Doc. No. 27 at 7-8. Thus, Plaintiff should be

---

[1] The time log reflects that Plaintiff's counsel did not charge for .3 hours of his time. Doc. No. 27 at 6.

[2] 2.8 x $100.00 = $280.00; 0.7 x $295.00 = $206.50; 1.5 x $225.00 = $337.50. $280.00 + $206.50 + $337.50 = $824.00.

[3] Plaintiff's August 16, 2011, motion for contempt was denied (*See* Doc. No. 21) and, therefore, Plaintiff would not be entitled to attorney's fees for filing that motion.

awarded a total of $150.00 for drafting and filing the March 16, 2012, motion for contempt.[4] Accordingly, the undersigned **RECOMMENDS** the Court enter a judgment awarding Plaintiff $150.00 for drafting and filing the motion to compel filed on March 16, 2012.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this report and recommendation to Defendant by Certified Mail.**

**RECOMMENDED** at Orlando, Florida on May 10, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Unrepresented party

---

[4] $0.4 \times \$225.00 = \$90.00$; $0.6 \times \$100.00 = \$60.00$; and $\$90.00 + \$60.00 = \$150.00$.